FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 23, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALIDA C., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | No. 4:23-CV-05060-SAB <br><br><br> **ORDER AFFIRMING THE DECISION OF COMMISSIONER** |

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for social security benefits. Plaintiff is represented by Chad L. Hatfield. The Commissioner is represented by David Burdett, L. Jamala Edwards, and Brian M. Donovan. Pending before the Court are Plaintiff's Opening Brief, ECF No. 9, the Commissioner's Brief, ECF No. 11, and Plaintiff's Reply Brief, ECF No. 12.

After reviewing the administrative record, briefs filed by the parties, and applicable case law, the Court is fully informed. For the reasons set forth below, the Court affirms the Commissioner's decision.

**I.     Jurisdiction**

On July 3, 2018, Plaintiff filed application for Title II disability insurance benefits and for Title XVI application supplemental security income with the onset date of December 30, 2017. Plaintiff's application was denied initially and on

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~1**

reconsideration. Plaintiff timely requested a hearing.

On November 4, 2020, the ALJ determined that Plaintiff was capable of preforming past relevant work as an agricultural produce sorter and found she was not disabled. On March 31, 2021, the Appeal Council reversed and remanded the case to the ALJ to (1) arrange for a qualified interpreter to assist Plaintiff and the ALJ at the hearing as instructed in HALLEX I-2-1-70A; (2) further evaluate Plaintiff's alleged symptoms; (3) give further consideration to whether Plaintiff has past relevant work, and if so, whether she can perform it; and (4) obtain evidence from the vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base and determine whether the claimant has acquired any skills that are transferrable to other occupations.

On March 3, 2022, the ALJ held a telephonic supplemental remand hearing. Plaintiff appeared and testified before an ALJ, with the assistance of her counsel and a Spanish interpreter. Mark Harrington, vocational expert also participated. On March 18, 2022, the ALJ again found that Plaintiff was capable of performing past relevant work as an agricultural produce sort.

Plaintiff requested review by the Appeals Council and it denied the request on February 23, 2023. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal on April 26, 2023. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.     Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~2

a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

**Step One**: Is the claimant engaged in substantial gainful activities? *Id.* § 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. *Id.* § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? *Id.* § 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* § 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before proceeding to the fourth step, the ALJ must first determine the

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~3

claimant's residual functional capacity (RFC). An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *Id*. § 404.1545(a)(1), 416.945(a)(1). The RFC is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? *Id*. § 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. *Id*. § 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? *Id*. § 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id*.

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~ 4

legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized here.

At the time of the 2022 hearing, Plaintiff was 60 years old. Plaintiff is not married and has two adult children. She graduated from high school in Mexico in 1996 and then immigrated to the United States with her parents.

She injured her back at work in June 2014, after she lifted a heavy bag of garbage. She also experienced another injury in 2016 when she slipped while mopping.

She testified that she has chronic low back pain that radiates into both hips. She reports that she is unable to stand for prolonged periods of time, has difficulty with bending and lifting heavy objects. She has difficulty with lifting in her left shoulder, arm, and hand. She experiences migraine headaches 3-4 times a month.

She last worked in 2017 sorting potatoes. It appears that she attempted to

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~5

work in 2019 but was only able to continue for a couple of weeks.

V. **The ALJ's Findings**

The ALJ issued an opinion affirming denial of benefits. AR 33-49. At step one, the ALJ found that Plaintiff met the insured status requirements of the SSA through March 21, 2023, and had not engaged in substantial gainful activity since December 30, 2017, the alleged onset date. AR 35.

At step two, the ALJ identified the following severe impairments: mild osteoarthritis of the hips, mild lumbar degenerative disc disease, and a depressive disorder.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 37.

At step four, the ALJ concluded that Plaintiff has an RFC to perform:

> a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: she can occasionally climb ladders, ropes, and scaffolds and frequently perform all other postural activities; she is limited to simple, routine tasks; and she needs a routine, predictable work environment with no more than occasional changes.

AR 39

At step five, the ALJ found that Plaintiff was capable of performing past relevant work as an agricultural produce sorter. Further, the ALJ found that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. AR 46.

In the alternative, the ALJ found that even if Plaintiff's left shoulder impairment was determined to be severe, the outcome would be the same. AR 48. The ALJ found that even if the RFC was restricted as set forth in the prior administrative medical findings of Dr. Virji, the outcome would be the same because the VE found that when considering additional limitations for only occasional stooping and crouching and frequent reaching with the left upper

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~6

extremity, Plaintiff could still perform past relevant work. AR 48.

Consequently, the ALJ that Plaintiff was not disabled. AR 48-49.

## VI. Issues

1. Whether the ALJ properly evaluated the medical opinion evidence.
2. Whether the ALJ properly evaluated Plaintiff's subjective complaints.
3. Whether the ALJ properly evaluated Plaintiff's past relevant work.

## VII. Discussion

### A. <u>Evaluation of the Medical Opinions</u>

In evaluating medical opinion evidence, the ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id*.

Supportability and consistency are further explained in the regulations:
> (1) Supportability.
> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
> (2) Consistency.

**ORDER AFFIRMING THE DECISION OF COMMISSIONER ~7**

> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

Plaintiff argues the ALJ improperly evaluated the medical opinion evidence of three providers: (1) Kandice Schultz, RN, FNP; (2) A. Peter Weir; and (3) K. Mansfield-Blair, PhD.

**1. Kandice Schultz, RN, FNP**

On October 27, 2021, Kandice Schulz provided a medical source statement indicating the following: (1) Plaintiff suffers pain in both shoulders radiating to the elbows and forearms, with associated numbness in her forearms and hands, resulting in the inability to perform her custodial work; (2) she exhibits limited range of motion in both shoulders; (3) attempting to work a 40-hour per week schedule would result in absenteeism due to increased pain in her arms with use, preventing her from performing her work duties; (4) she is severely limited and unable to meet the demands of even sedentary work; (5) she can never reach with her bilateral upper extremities; (6) she is limited to occasional handling and frequent fingering bilaterally; (7) she would be off task and unproductive over 30% of the time; and (8) her limitations have been present throughout the relevant period.

The ALJ rejected the opinion as a checkbox form with little explanation, referring to the limited treatment relationship. The ALJ relied on the inconsistencies within the opinion to find that the opinion was not supported by the record. The ALJ noted there was little foundation for the opinion and the opinion was inconsistent with the longitudinal record which indicated minimal evidence of left shoulder impingement and minimal complaints and treatment of the impairment. The ALJ also noted that as to the claimant's overall physical

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~8

functioning, the record shows objective findings of normal gait/ambulation/balance, strength, and sensory functioning; some evidence of malingering; some treatment non-compliance; and high-functioning activities of daily living. The ALJ properly considered the supportability and consistency of Ms. Schultz's opinion. Consequently, the ALJ's evaluation of Ms. Schultz's opinion was not in error.

### 2. A. Peter Weir, MD

On May 12, 2019, Dr. Weir completed a physical evaluation of Plaintiff, concluding she is restricted to a maximum of four hours a day standing and walking, and limiting her to occasional reaching, pushing, pulling, and working overhead with her left arm. Dr. Weir noted that Plaintiff had limited range of motion in her left shoulder and limited range of motion of her back, but also noted that she exhibited poor effort with the range of motion testing. He noted that Plaintiff's subjective complaints of pain were out of proportion to objective findings on examination.

The ALJ found that Dr. Weir's medical opinion was not supported by his physical examination, which appeared to be quite unremarkable. And given the lack of objective findings, it appears that Dr. Weir was overly reliant on Plaintiff's lack of effort in rendering his medical opinion. Finally, the ALJ noted that Dr. Weir's opinion was inconsistent with the record and not well-supported. The ALJ's evaluation of Dr. Weir's opinion is consistent with and supported by the record and is not in error.

### 3. K. Mansfield-Blair, PhD.

On May 19, 2019, Dr. Mansfield-Blair completed a psychological evaluation of Plaintiff. Dr. Mansfield-Blair concluded with the following findings:
She would have difficulty performing work activities on a daily basis without special or added instruction, given her performance on memory tasks and despite an estimated level of intelligence in the Low Average to Borderline Intellectual

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~9

Functioning Range. Plaintiff would have difficulty maintaining regular attendance and completing a normal workday/work week without interruptions from a psychiatric condition, given a current lack of mental health treatment.

Dr. Mansfield-Blair found Plaintiff would not have difficulty performing simple and repetitive tasks but would have difficulty performing detailed and complex tasks.

Here, the ALJ properly evaluated Dr. Mansfield-Blair's opinion. The ALJ adopted those portions of the opinion that were supported by actual examination. The ALJ properly determined that Dr. Mansfield-Blair's opinion regarding attendance were not consistent with nor supported by the record. This was not in error.

### B.    Plaintiff's Subjective Complaints

Plaintiff argues the ALJ erred in discounting Plaintiff's subjective symptoms.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~10

Here, the ALJ noted that the objective medical evidence was largely unremarkable as it related to Plaintiff's physical functioning. The ALJ found that her statements at the hearing that she was able to stand/walk for only 10 to 15 minutes not consistent with the normal objective findings. The ALJ noted that Plaintiff sought no significant treatment for migraines, minimum treatment for his back and shoulder pain, that she declined mental health treatment and failed to engage in physical therapy. Moreover, the ALJ noted that three different medical sources observed evidence of malingering.

The ALJ articulate clear and convincing reasons for discounting Plaintiff's symptoms and credibility, and, thus, the ALJ's conclusions are supported by substantial evidence, based on the record as a whole.

### C. Past Relevant Work

At step four, a claimant has the burden to prove that he cannot perform his past relevant work "either as actually performed or as generally performed in the national economy." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). ALJs may use either the "actually performed test" or the "generally performed test" when evaluating a claimant's ability to perform past work. *Id.*

Here, the ALJ correctly determine that Plaintiff could perform the job of agricultural sorter as that position is generally performed in the national economy. *See Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016).

### VIII. Conclusion

The ALJ properly evaluated the medical opinion evidence and Plaintiff's testimony and properly found that Plaintiff could perform past relevant work as an agricultural sorter.

Accordingly, **IT IS HEREBY ORDERED:**

1. For docket purposes, Plaintiff's Opening Brief, ECF No. 9 and Reply Brief, ECF No. 12, are **DENIED**.

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~11

  2. For docket purposes, the Commissioner's Response Brief, ECF No. 11, is **GRANTED**.

  3. The decision of the Commissioner is **AFFIRMED.**

  4. Judgment shall be entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 23rd day of October 2023.



       Stanley A. Bastian
     Chief United States District Judge

**ORDER AFFIRMING THE DECISION OF COMMISSIONER** ~12